The Honorable Jim Holt State Senator 2835 South 56th Street Springdale, AR 72762-0844
Dear Senator Holt:
I am writing in response to your request for an expedited opinion on the following question:
 Does House Bill 1525 violate any applicable federal law?
As you note this bill, which is currently pending in the legislative session, would make eligible for in-state colleges tuition and state-supported scholarships those students without documented immigration status who have attended Arkansas high schools for at least three years and been admitted to college. For the sake of clarity, I will set out the full text of the bill's substantive provisions. Section 1 states:
 (a) This act shall be known as the "Access to Postsecondary Education Act of 2005".
 (b) A student without documented immigration status shall be exempt from paying the nonresident portion of total tuition for attendance at a state-supported institution of higher education, if the student:
 (1) Attended high school in Arkansas for no fewer than three (3) school years;
 (2) Graduated from a high school in Arkansas or received a General Education Development diploma in the state; and
(3) Is or has been admitted at an institution of higher education.
 (c) A student meeting the requirements of subsection (b) of this section who graduated from high school after December 1, 2004, shall be eligible for state-supported scholarships if the student meets all other eligibility requirements of the scholarship program that are not related to residency or immigration status.
 (d) In addition to the requirements under subdivision (b) of this section, a student without documented status shall file an affidavit with the state-supported institution of higher education stating that the student has an intent to legalize his or her immigration status.
 (e) The Arkansas Higher Education Coordinating Board shall promulgate the rules necessary for implementation of this act.
RESPONSE
Although we do not have the benefit of judicial interpretation, it is my opinion that House Bill 1525 may violate 8 U.S.C. § 1623 if the courts read the high school attendance and graduation requirements as tantamount to residence.[1] Additionally, I believe the bill may give rise to an Equal Protection challenge if it is enacted into law.
With regard, first, to 8 U.S.C. § 1623, this federal statute was enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. It provides as follows:
 Notwithstanding any other provision of law, an alien who is not lawfully present in the United States shall not be eligible on the basis of residence within a State (or a political subdivision) for any postsecondary education benefit unless a citizen or national of the United States is eligible for such a benefit (in no less an amount, duration, and scope) without regard to whether the citizen or national is such a resident.
According to a plain reading of this statute, the State cannot offer illegal aliens any postsecondary education benefit "on the basis of residence within [the] State" unless a non-resident citizen is eligible for the benefit.[2] Because the benefits under HB 1525 do not appear to extend to non-resident citizens, it would seem that exempting illegal aliens from the "nonresident portion of total tuition" will be contrary to 8 U.S.C. § 1623 unless this benefit is not extended to aliens "on the basis of residence within [the] State." The same analysis applies with respect to "state-supported scholarships," assuming that by this term HB 1525 means scholarships that are otherwise only available to Arkansas residents.
Turning to HB 1525, eligibility for these benefits is based upon three years of high school attendance and high school graduation in the State (or receipt of a GED). While this does not expressly establish eligibility "based on residence within [the] State," I believe a court faced with the question could conclude that this is a de facto residence requirement, particularly when it is recognized that state residency is a general prerequisite to high school attendance in Arkansas. Arkansas Constitution Article 14, Section 1 provides in part that "the State shall ever maintain a general, suitable and efficient system of free public schools. . . ." The legislature has interpreted this mandate to mean that the free public schools must generally be available in appropriately sized districts to serve resident students. See A.C.A. § 6-18-202.[3]
An Equal Protection question also arises under HB 1525 as currently drafted. The bill appears to make an undocumented high school graduate eligible for the exemption from the "nonresident portion of total tuition" regardless of whether he or she is currently an Arkansas resident. On the other hand, however, another student who is not currently an Arkansas resident but who otherwise meets the requirements of HB 1525 (attended high school for at least three years and graduated or received a GED in the State), except that he or she is not an undocumented alien, would apparently not be eligible for the exemption. State laws that make distinctions based on alienage must meet the requirements of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. Graham v. Richardson, 403 U.S. 353 (1971). Such laws are evaluated under "heightened" review, and can only survive challenge if they serve important governmental objectives and are substantially related to those objectives. Plyler, supra; Craig v.Boren, 492 U.S. 190 (1976). Few statutes have ever been found to satisfy this standard. Thus, I believe HB 1525 would likely fail to meet this test.
It is my opinion for the foregoing reasons that HB 1525 may be subject to challenge under federal law.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: EAW/cyh
[1] A Kansas statute that extends similar benefits to any student, including but not limited to an undocumented immigrant, is currently the subject of a federal court challenge. See Day, et al. v. Sebelius, etal., No. 04-4085-JAR (D. Kansas, filed July 19, 2004).
[2] Although HB 1525 does not define "student without documented status," I assume for purposes of the foregoing statute that such a student would fall within the category of "an alien who is not lawfully present in the United States," i.e., a so-called "illegal alien."
[3] This requirement extends to undocumented school-age children, according to the United States Supreme Court decision in Plyler v. Doe,457 U.S. 202 (1982). The court in Plyler found that the State of Texas effectively denied to school-age children of illegal aliens the opportunity to attend the free public schools that the State made available to all residents. The court held that this violated the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. Consistent with this ruling, and as recognized by the introductory language to HB 1525, "children of undocumented immigrants who have lived in Arkansas most of their lives . . . have spent their formative years in Arkansas elementary and secondary schools. . . ." HB 1525 (language introduced by "WHEREAS").